UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

ROSIE ANN RIVERS,      CASE NO. 03-05671-NPO

DEBTOR.      CHAPTER 13

ROSIE ANN RIVERS      PLAINTIFF

V.      ADV. PROC. NO. 10-00026-NPO

GREEN TREE SERVICING, LLC      DEFENDANT

**MEMORANDUM OPINION DENYING
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter came before the Court for consideration on the Defendant's Motion for Partial Summary Judgment (the "Motion") (Adv. Dkt. No. 22) and Defendant's Memorandum Brief in Support of Motion for Partial Summary Judgment (Adv. Dkt. No. 23), filed by Green Tree Servicing, LLC ("Green Tree"), the Defendant in this adversary proceeding (the "Adversary"); Plaintiff's Response to Motion for Partial Summary Judgment (Adv. Dkt. No. 25) as well as Plaintiff's Memorandum in Response to Motion for Partial Summary Judgment ("Plaintiff's Memorandum") (Adv. Dkt. No. 26), filed by Rosie Ann Rivers ("Rivers"), the Plaintiff in this Adversary; and the Defendant's Rebuttal Memorandum in Support of Motion for Partial Summary Judgment (Adv. Dkt. No. 27). In this Adversary, the Debtor is represented by Harry H. Sumner, W. Lawrence Deas, and William Liston III. Green Tree is represented by H. Hunter Twiford III. The Court, being fully advised in the premises, finds that the Motion is not well-taken and should be denied for the reasons set forth below.[1]

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

## Jurisdiction

This Court has jurisdiction over the subject matter of and the parties to this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding as defined in 28 U.S.C. § 157 (b)(2)(A).

## Facts

In 2001, Rivers purchased a mobile home from Custom Manufactured Homes, Inc., Horton Homes of Philadelphia ("Horton"). In connection with that purchase, Rivers executed a Manufactured Home Retail Installment Contract and Security Agreement (the "Contract")[2] in favor of Horton. The Contract subsequently was assigned to Conseco Finance Servicing Corp., which is now known as Green Tree. The Contract contains the following provision ("Arbitration Provision"):

> ARBITRATION: All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall by resolved by binding arbitration by one arbitrator selected by you with my consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement. **I agree that I shall not have the right to participate as a representative or a member of any class of claimants pertaining to any claim**

---

[2] The Contract is Exhibit "A" to the Motion.

> **arising from or relating to this Contract.**[3] The parties agree and understand that the arbitrator shall have powers provided by law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto the contrary, you retain an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce a security agreement, shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by you pursuant to this provision.

Exhibit A at ¶ 27 (Emphasis added).

On September 30, 2003, Rivers filed a voluntary petition (the "Petition") (Case No. 03-05671, Dkt. No. 1) for relief under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Case"). Green Tree filed its Proof of Claim to which Rivers did not object. Rivers's chapter 13 plan (the "Plan") was confirmed by order of this Court (Dkt. No. 6) on December 10, 2003. The Plan listed Green Tree as a secured creditor. *See* Dkt. No. 6. After completion of the Plan, the Court entered an order (Dkt. No. 24) granting Rivers a discharge on July 8, 2008. The Bankruptcy Case was closed that same date (Dkt. No. 25). After the Court entered an order (Dkt. No. 40) granting Rivers's motion to reopen the Bankruptcy Case, she filed the Complaint Alleging Class Claims (the "Adversary Complaint") on April 8, 2010 (Adv. Dkt. No. 1), alleging that Green Tree violated provisions of the Bankruptcy Code in its handling of plan payments during the Bankruptcy Case. Rivers asserts that she makes the allegations in the Adversary Complaint on behalf of herself an "similarly situated individuals in the State of Mississippi." *See* Complaint, ¶¶ 24-35.

---

[3] The Court shall refer to this sentence as the "Purported Class Action Waiver."

**Issue**

The Court must decide whether the Purported Class Action Waiver is enforceable.[4]

**Discussion**

I.  **What is not being decided: whether this Court would compel arbitration pursuant to the Contract under the present facts.**

In this case, Green Tree is not seeking to enforce the Arbitration Provision in the Contract as a whole. Rather, Green Tree is seeking to enforce the Purported Class Action Waiver through which, it argues, Rivers waived her right to represent or participate in a class action whether in arbitration or litigation. Since Green Tree is not seeking to enforce the Arbitration Provision as a whole, we will not discuss whether this Court would compel arbitration under the present facts. *Compare* Russell v. Queen City Furniture (In re Russell), 402 B.R. 188 (Bankr. N.D. Miss. 2009) (denying motion to compel arbitration because the claims were regarded as a core proceeding and the bankruptcy was still open) *with* MBNA America Bank, N.A. v. Hill, 436 F.3d 104 (2nd Cir. 2006) (holding that the bankruptcy court did not have the discretion to refuse to stay the proceeding pending arbitration even though the claims at issue were regarded as a core proceeding because the bankruptcy was over and arbitration would not conflict with the Bankruptcy Code under the facts presented).

II. **What is being decided: whether this Court should enforce the Purported Class Action Waiver when Green Tree is not seeking to enforce the Arbitration Provision as a whole.**

The parties agree that Mississippi law governs questions regarding the interpretation of the Contract. Plaintiff's Memorandum n.2 (*citing* Nationwide Mut. Ins. Co. v. Panther Creek

---

[4] The Court does not reach the issue whether Rivers otherwise may act as a representative of a class of similarly situated individuals throughout the State of Mississippi in this Adversary. *See* Wilborn v. Wells Fargo Bank, N.A. (In re Wilborn), 609 F.3d 748 (5th Cir. 2010).

Constr. Co., Inc., 2008 WL 886047, *2 (S.D. Miss. Mar. 30, 2008)). Pursuant to Mississippi law, the cardinal rule in interpreting a contract is to give effect to the intentions of the parties. Holland v. Mayfield, 826 So. 2d 664, 669 (Miss. 1999). "[I]f the court is unable to translate a clear understanding of the parties' intent, the court should apply the discretionary 'canons' of contract construction." Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc., 857 So. 2d 748, 751, 753 (Miss. 2003). Whether or not a contract is ambiguous is a question of law for the court to determine. Id. at 751. When a contract is ambiguous, the court will apply the reading that is most favorable to the non-drafting party. Id. at 753.

### A. Standing alone, the Purported Class Action Waiver is ambiguous.

The Purported Class Action Waiver that Green Tree seeks to enforce reads as follows: "I [Rivers] agree that I shall not have the right to participate as a representative or a member of any class of claimants pertaining to any claim arising from or relating to this [C]ontract." The Purported Class Action Waiver does not indicate that it applies to litigation as well as arbitration. Because of the location of the Purported Class Action Waiver in the Arbitration Provision and its failure to address whether it applies to litigation as well as arbitration, the Purported Class Action Waiver standing alone is ambiguous and must be construed against Green Tree. 857 So. 2d at 753.

### B. The Court must look to the Arbitration Provision as a whole to determine whether the parties intended that the Purported Class Action Waiver apply to litigation.

In order to determine the objective meaning of the parties to a contract, the court must read the contract as a whole. Hood v. Central United Life Ins. Co., 664 F. Supp. 2d 672, 677 (N.D. Miss. 2009). Reading the Arbitration Provision as a whole, this Court finds that it is clear that the parties only intended the class action waiver apply to arbitration.

The Arbitration Provision is thirteen sentences in length. The seven sentences preceding Purported Class Action Waiver removed any right Rivers had to litigate claims "arising from or related to [the Contract]" against Green Tree but reserved Green Tree's rights to litigate its claims "arising from or related to [the Contract]" against Rivers. The five sentences that follow the Purported Class Action Waiver outline the powers of the arbitrator and explain Green Tree's ability to utilize litigation without waiving any rights it has to compel arbitration. The Court finds that it is not reasonable to read the Purported Class Action Waiver as applicable to litigation since the Arbitration Provision disposed of any right Rivers had to litigate claims "arising from or related to [the Contract]." Based on the language in the Arbitration Provision, it is clear that the parties intended the Purported Class Action Waiver to apply only to arbitration.

    **C.    Even if the Purported Class Action Waiver applied to litigation, it does not apply to the claims at issue.**

Assuming the Purported Class Action Waiver applied to claims litigated by Rivers, it does not apply under the present facts because the claims at issue do not fall within the scope of the provision. By its own terms, the Purported Class Action Waiver is limited to "any claim arising from or relating to [the Contract]." Rivers has alleged that this proceeding "is, in part, a core proceeding." (Adv. Dkt. No. 1) Green Tree admits that "[t]his matter is primarily a core proceeding." (Adv. Dkt. No. 9) This Court finds that the claims at issue constitute a core proceeding under the reasoning articulated in Russell. In Russell, the Bankruptcy Court for the Northern District of Mississippi held that,

> A core proceeding is one that 'arises under' or 'arises in' a case under title 11. 28 U.S.C. § 1334(b). Matters 'arising under' title 11 are those based on a right 'created or determined by a statutory provision of the Bankruptcy Code. Buckingham v. Baptist Memorial Hospital-Golden Triangle, Inc., 283 B.R. 691, 693 (N.D. Miss. 2002). Proceedings 'arising in' a title 11 case 'are those that are not based on any right expressly created by title 11, but nevertheless, would have

>  no existence outside of the bankruptcy. Id. . . . A non-core proceeding is a matter
>  that would exist outside of the bankruptcy, but is 'related to' a bankruptcy case.
>  28 U.S.C. § 1334(b).

Russell, 402 B.R. at 192.

Rivers is suing Green Tree solely for violations of bankruptcy law. The violations in question relate to Green Tree's conduct in handling payments made by Rivers under the confirmed plan and do not "relate to" the Contract in question. Furthermore, Rivers's claims would not exist outside of bankruptcy. For these reasons, this Court finds that Rivers's claims do not "arise under" or "relate to" the Contract. As a result, the Purported Class Action Waiver, even if applicable in litigation, is too narrow to cover the claims at issue in this Adversary.

**III. Based on this ruling, the Court finds it unnecessary to decide whether Mississippi law recognizes class action waivers as enforceable.**

Green Tree argues that class action waivers are enforceable under Mississippi law and relies on three federal district court cases in Mississippi to support its position.[5] Rivers argues that Mississippi law is silent on the validity of class action waivers. According to Rivers, there is no case, statute, or court rule in Mississippi which favors or even references class action waivers. However, the Court's ruling herein makes it unnecessary to address this question. The Court, therefore, declines to make an Erie guess on that issue. *See generally* Erie RR Co. V. Tompkins, 304 U.S. 64 (1938).

---

[5]Anglin v. Tower Loan of Miss., Inc., 635 F. Supp. 2d 523 (S.D. Miss. 2009); Steed v. Sanderson Farms, Inc., 2006 WL 2844546 (S.D. Miss. Sept. 29, 2006); Sims v. Unicor Mortgage, Inc., 1998 WL 34016832 (N.D. Miss. April 27, 1998).

**Conclusion**

For the reasons set forth herein, the Court finds that the Motion is not well-taken and should be denied. A separate order will be entered in accordance with Federal Rule of Bankruptcy Procedure 7054.

/s/ Neil P. Olack
Neil P. Olack
United States Bankruptcy Judge
Dated: December 22, 2010